Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1865 | DATE | APR 17 2008 |
| CASE TITLE | James M. Worthem (#2007-0071905) v. Venkata Nattam | | |

### DOCKET ENTRY TEXT

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer to deduct $2.16 from Plaintiffs account as an initial partial filing fee. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Court dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint or the Court shall dismiss this case. The Clerk shall send Plaintiff one copy of the amended civil rights complaint form, instructions for filing, and a copy of this order.

■ [For further details see text below.]   Docketing to mail notices.

### STATEMENT

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.16. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.

*Joan H Lefkow*

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff brings this *pro se* action pursuant to 42 U.S.C. §1983. He alleges that on June 9, 2006, he was staying in a motel in Indiana. He heard a knock at the door and asked who it was. The reply was "room service." Plaintiff opened the door and a woman and three men entered the room and violently assaulted him. The police apprehended two of the offenders and Plaintiff pressed charges. The attendant on duty at the motel stated that the people who assaulted Plaintiff did not have a room there and that he was aware that they were knocking on different doors but he did nothing to remove them from the premises. Plaintiff avers that the owner of the motel has violated his civil rights because he should have been secure at the motel. Plaintiff also claims that the attendant refused to call the police for about ten minutes and only watched him bleed. Plaintiff seeks money damages.

On the complaint form, Plaintiff checked that he was bringing this action under 42 U.S.C. § 1983. However, in any action brought under §1983, the alleged violator of the Plaintiff's constitutional rights must have acted under color of state law. *See Monroe v. Pape*, 365 U.S. 167, 183-87 (1961). Venkata Nattam, the owner of the Super 8 Motel, is not a state actor. A suit pursuant to §1983 therefore cannot be maintained against him. *See, e.g., Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992); *Tunca v. Lutheran General Hosp.*, 844 F.2d 411, 413 (7th Cir. 1988).

However, Plaintiff's claims sound in tort. Such a claim must be filed in the appropriate state court unless Plaintiff can allege federal jurisdiction. District courts have original jurisdiction of civil actions in which the matter in controversy exceeds $75,000 and the controversy is between citizens of different states. 28 U.S.C. §1332(a)(1). An inmate's domicile before he is imprisoned is presumed to remain his domicile while he is in prison. *See Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). Plaintiff is currently detained at Cook County Jail and according to his complaint, he was in Indiana for a job. It appears he is a citizen of Illinois, but in an amended complaint, he needs to properly allege his citizenship.

Plaintiff has named Venkata Nattam, whom he identifies as the owner of the Super 8 Motel, as his sole defendant. In the body of the complaint, he refers to the attendant but does not name him. It is not clear whether the owner and the attendant are the same person, that is, Venkata Nattam, or if two separate persons are involved. It also appears that the owner or night attendant of the motel are residents of Indiana. In an amended complaint, Plaintiff needs to properly allege the domicile of Venkata Nattam. Plaintiff also refers to "the actions of the Super 8 Motel." If Plaintiff wants to name the motel, then he will need to allege the citizenship of the motel, which for a corporation is the state in which it is incorporated and where it has its principal place of business.

The Court accordingly will give Plaintiff an opportunity to submit an amended complaint to clarify whom he is suing and to plead both his citizenship and the citizenship of all defendants he names.

The Court accordingly dismisses the complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit an amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

The amended complaint replaces or supersedes the original complaint. In other words, after Plaintiff files an amended complaint, the Court no longer considers the original complaint. Thus, allegations or claims contained in the original complaint will not be considered if they are not included in the amended complaint. Similarly, if a defendant in the original complaint is not named as defendant on the cover of the amended complaint, the Court will treat that defendant as dropped from the suit. Therefore, if Plaintiff wants to amend, **he must make sure to list all his defendants in the caption on the first page of the complaint. He must also include in his amended complaint all allegations he wants the Court to consider.**

If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.