Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN H. LEFKOW | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1865 | DATE | AUG 0 4 2008 |
| CASE TITLE | James M. Worthem (B-12624) v. Venkata Nattam | | |

**DOCKET ENTRY TEXT:**

The Court dismisses Plaintiff's amended complaint [7] without prejudice. Plaintiff is given 30 days from the date of this order to submit a second amended complaint or the Court shall dismiss this case. The Clerk shall send Plaintiff one copy of the amended civil rights complaint form, instructions for filing, and a copy of this order.

■ [For further details see text below.]    Docketing to mail notices.

### STATEMENT

On April 17, 2008, the Court granted Plaintiff leave to submit an amended complaint. The Court explained that, although the named defendant was not a state actor and therefore could not be sued under 42 U.S.C. § 1983, Plaintiff's claims sounded in tort, which must be filed in the appropriate state court unless Plaintiff could allege federal jurisdiction. The Court further explained that federal district courts have original jurisdiction of civil actions in which the matter in controversy exceeds $75,000 and the controversy is between citizens of different states and that an inmate's domicile before he is imprisoned is presumed to remain his domicile while he is in prison. It appeared from the information Plaintiff provided in his original complaint that his domicile was Illinois and that the owner and night attendant of the Super 8 Motel appeared to be citizens of Indiana. The Court gave Plaintiff an opportunity to submit an amended complaint to clarify who he is suing and to plead both his domicile and the domicile of all defendants he names.

Plaintiff submitted his amended complaint. Plaintiff has added defendants Midway Movers; Jerry Siegal, the owner of Midway Movers; and Eric, the Manager of Midway Movers. He gives a Chicago, Illinois, address for all three defendants. By adding these Illinois defendants, there is no longer diversity of citizenship because both Plaintiff and these three defendants are all citizens of Illinois.

It appears that Plaintiff's complaint against these three defendants concern his working conditions and a dispute over his wages. He also complains that he was unfairly discharged.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

It is possible that Plaintiff may be trying to bring a civil action under 42 U.S.C. §2000e, claiming that Defendants discriminated against him, in violation of Title VII. However, if Plaintiff wants to bring a suit for employment discrimination in federal court against these three defendants, he must first exhaust his administrative remedies and then file a separate lawsuit from this one. Plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days of the alleged unlawful employment practice. *See Brown v. General Services Administration*, 425 U.S. 820, 832-33 (1976); *Gilardi v. Schroeder*, 833 F.2d 1226, 1229-32 (7th Cir. 1987). Upon receipt of the E.E.O.C.'s "right-to-sue" letter, Plaintiff must file suit in court within 90 days. 42 U.S.C. § 2000e-5(f)(1); *Bew v. City of Chicago*, 979 F. Supp. 693, 694 (N.D. Ill. 1997).

The Court accordingly will give Plaintiff another opportunity to submit a second amended complaint, naming only the Indiana defendants.

The Court accordingly dismisses the amended complaint without prejudice. Plaintiff is given 30 days from the date of this order to submit a second amended complaint on the forms required by Local Rule 81.1 of this Court. Plaintiff must write both the case number and the judge's name on the second amended complaint and return the originally filled out and signed form and a copy for the judge and a copy for each defendant he names to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The copies of the second amended complaint may be either exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word for word from the original). If Plaintiff chooses to make conformed copies then he may request more copies of the amended complaint form from the Prisoner Correspondent.

When preparing his second amended complaint, Plaintiff should keep in mind the requirements of a complaint under the Federal Rules of Civil Procedure, Rule 8(a): "A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Garth v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

If Plaintiff does not timely comply with this order, this case shall be dismissed. However, Plaintiff will still be responsible for paying the filing fee.